THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* IVÁN DE JESÚS MARRERO, Defendant and Appellant.

No. CR-62-401.    Decided April 25, 1963.

*Gustavo L. Marrero Ledesma* for appellant. *Rodolfo Cruz Contreras, Acting Solicitor General,* and *J. F. Rodríguez Rivera, Assistant, Solicitor General,* for The People.

Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, Mr. Justice Rigau, and Mr. Justice Dávila.

PER CURIAM: Appellant was convicted by the Superior Court of a violation of the Vehicle and Traffic Law, Act No. 141 of July 20, 1960, 9 L.P.R.A. § 1041, consisting in that he was driving an automobile while he was under the influence of intoxicating liquor. After the trial, at which defendant appeared assisted by two attorneys, he was sentenced to serve ten days in jail and his driver's license was suspended for a term of two years. The jail term to which he was sentenced is the minimum provided by law, 9 L.P.R.A. § 1042. The suspension of the license is mandatory in cases in which the defendant refuses to submit himself to chemical analysis of his breath, his blood or urine and the evidence reveals that he was not justified in refusing to submit himself to said chemical test, 9 L.P.R.A. § 1044. In this case the defendant refused to submit to said test.

The only error assigned by appellant consists in that the trial court erred in finding him guilty on the basis of the evidence presented. We have examined the transcript of the evidence and the briefs and we are of the opinion that the assignment lacks merit. The evidence for the prosecution consisted in the testimony of a policeman, of a police sergeant and a district judge. The police patrol stopped the defendant because it observed that the automobile which he was driving along the highway from Río Piedras to Caguas was going zig-zag. The police officers testified categorically as to the visible state of intoxication of appellant. The evidence for the defense consisted in the testimony of the

defendant who testified that he had never taken liquor (T.E. p. 28), and of a lady or miss who was with him and that according to the testimony of both he had picked her up at a bar on the highway from Río Piedras to Caguas at about four o'clock in the morning of the night in question. The conviction was amply supported by the evidence as it may be appreciated from the transcript of the evidence. The testimony of the officer who made the arrest, if believed by the court, is sufficient to support the conviction. Section 18 of the Law of Evidence, 32 L.P.R.A. § 1661; *People* v. *Luccioni*, 86 P.R.R. 523 (1962); *People* v. *Superior Court*, 84 P.R.R. 378 (1962); *People* v. *Ordein*, 86 P.R.R. 458 (1962); *People* v. *Cabrera*, 84 P.R.R. 94 (1961).

The judgment rendered by the Superior Court, San Juan Part, on March 15, 1961 will be affirmed.